UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Sayed Haggag Ahmed Abdelkader**
**50 Monument Drive**
**Stafford, VA  22554,**
        **Plaintiff**

**Concepcion L. Ecuacion**
**5201 Randolph Road**
**Rockville, MD 20852**
        **Plaintiff**

v.

**The Embassy of the Arab Republic of Egypt**
**3521 International Court, NW,**
**Washington, DC 20008**
        **Defendant**

**COMPLAINT**
**(BREACH OF EMPLOYMENT AGREEMENTS)**

COME NOW Plaintiff Sayed Haggag Ahmed Abdelkader ("Mr. Abdelkader") and Plaintiff Concepcion L. Ecuacion ("Ms. Ecuacion," collectively with Mr. Abdelkader "Plaintiffs"), by and through undersigned counsel and, pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et.seq.* and Federal Rule of Civil Procedure 7 and for a cause of action state and aver as follows:

**JURISDICTION**

1. Jurisdiction is founded on 28 U.S.C. § 1602 *et.seq*.  Defendant is not immune because the claims in this case arise out of commercial activities carried on by Defendant in the United States. Other facts supporting jurisdiction in this matter are set forth below.

**VENUE**

2. Venue is proper pursuant to 28 U.S.C. § 1391(f).

## PARTIES

3. Plaintiff Abdelkader is an adult resident and citizens of the United States and the Commonwealth of Virginia, and is under no legal disability.

4. Plaintiff Ecuacion is an adult resident and permanent resident of the United States and the state of Maryland, and is under no legal disability.

5. Defendant the Embassy of the Arab Republic of Egypt ("Defendant") is an agency and instrumentality of a foreign state.

## FACTS COMMON TO ALL CLAIMS

6. Mr. Abdelkader was hired by Defendant in 1981, and served continuously in the United States as an employee for Defendant from 1981 through 2015.

7. Mr. Abdelkader was employed pursuant to a written agreement a copy of which is appended hereto as **Exhibit A**, and which is adopted and incorporated by reference as if specifically set forth herein (the "Abdelkader Contract").

8. Mr. Abdelkader performed all of his obligations under the Abdelkader Contract.

9. Mr. Abdelkader's employment by Defendant was a commercial activity.

10. On October 30, 2015, Defendant informed Mr. Abdelkader that he and others would be terminated on November 30, 2015 because the office in which they worked was closing.

11. Pursuant to the Abdelkader Contract, Mr. Abdelkader was and is entitled to, among other things, severance pay, adjustments for annual increases, statutory notice, and payment for post-termination services provided by Mr. Abdelkader to Defendant at Defendant's request.

12. Despite repeated notice in writing, Defendant has failed to comply with its obligations under the Abdelkader Contract.

13. Ms. Ecuacion was hired by Defendant in 1995, and served continuously in the United States as an employee for Defendant from 1995 through 2015.

14. Ms. Ecuacion was employed pursuant to a written agreement a copy of which is appended hereto as **Exhibit B**, and which is adopted and incorporated by reference as if specifically set forth herein (the "Ecuacion Contract").

15. Ms. Ecuacion performed all of her obligations under the Ecuacion Contract.

16. Ms. Ecuacion's employment by Defendant was a commercial activity.

17. On October 30, 2015, Defendant informed Ms. Ecuacion that she and others would be terminated on November 30, 2015 because the office in which they worked was closing.

18. Pursuant to the Ecuacion Contract, Ms. Ecuacion was and is entitled to, among other things, annual increases, statutory notice, and payment for post-termination services provided by Ms. Ecuacion to Defendant at Defendant's request.

19. Despite notice in writing, Defendant has failed to comply with its obligations under the Ecuacion Contract.

## COUNT ONE
## (BREACH OF EMPLOYMENT CONTRACT-ABDELKADER )

20. Plaintiff Abdelkader adopts and incorporates herein as if specifically set forth herein the averments of paragraphs one through 12 of the Complaint.

21. Mr. Abdelkader and Defendant entered into an employment agreement pursuant to which Mr. Abdelkader agreed to provide services to Defendant in exchange for defined monetary compensation paid by Defendant to Mr. Abdelkader.

22. The contract of employment was a commercial activity.

23. Defendant is not entitled to sovereign immunity.

24. Defendant breached the agreement by failing to pay the contractually-required severance pay, and annual increases, and payment for services rendered by Mr. Abdelkader to Defendant at Defendant's request, and by failing to provide statutorily-required notice.

25. Despite repeated notice and demand, Defendant failed to pay to Mr. Abdelkader the sum of approximately $1,250,000.00, which is due and owed pursuant to the Abdelkader Contract.

## COUNT TWO
### (BREACH OF EMPLOYMENT CONTRACT- ECUACION)

26. Plaintiff Ecuacion adopts and incorporates herein as if specifically set forth herein the averments of paragraphs one through 1-5, 13-19 of the Complaint.

27. Ms. Ecuacion and Defendant entered into an employment agreement pursuant to which Ms. Ecuacion agreed to provide services to Defendant in exchange for defined monetary compensation paid by Defendant to Ms. Ecuacion.

28. The contract of employment was a commercial activity.

29. Defendant is not entitled to sovereign immunity.

30. Defendant breached the agreement by failing to pay the contractually-required annual increases, and payment for services rendered by Ms. Ecuacion to Defendant at Defendant's request, and by failing to provide statutorily-required notice.

31. Despite notice and demand, Defendant failed to pay to Ms. Ecuacion the sum of $120,000.00, which is due and owed pursuant to the Ecuacion Contract.

**WHEREFORE**, by all these presents, counsel for Plaintiffs prays for the following relief:

1. Entry of Judgment in favor of Mr. Abdelkader and against Defendant in the amount of aapproximately $1,250,000.00 or such other amount as may be proven at trial;

2. Entry of Judgment in favor of Ms. Ecuacion and against Defendant in the amount of $120,000.00 or such other amount as may be proven at trial;

3. An award of pre-judgment and post-judgment interest; and

4. Such other and further relief as the court may deem just and proper.

Respectfully Submitted,

/s/ Philip M. Musolino

Philip M. Musolino #294652
Musolino & Dessel PLLC
1615 L Street, NW
Suite 440
Washington, DC 20036
Phone: (202) 466-3883
Fax: (202) 775-7477
Email: pmusolino@musolinoanddessel.com
